UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. 19-690 (FLW) |
| | : | |
| v. | : | |
| | : | CONTINUANCE ORDER |
| RANDOLPH MCLEOD | : | |
| | : | |

This matter having come before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (by Ian D. Brater, Assistant U.S. Attorney), and defendant RANDOLPH MCLEOD (by John Holliday, Esq.) for an order granting a continuance of the proceedings in the above-captioned matter from the date this Order is signed through July 29, 2022; and the Court having previously entered Standing Orders 20-02, 20-03, 20-09, 20-12, extensions of Standing Order 20-12, and Standing Order 21-04, and extensions of Standing Order 21-04, in response to the national emergency created by COVID-19; and the defendant being aware that he has the right proceed to trial within 120 days of his arrival in the receiving State (*i.e.*, this District) under the Interstate Agreement on Detainers Act ("IADA"); and the defendant, through his attorney, having consented to the continuance and having waived such right with his counsel's concurrence; and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1

(1) Both the defendant and the United States would like additional time to prepare for trial following the Court's ruling on the defendant's pretrial motions;

(2) In response to the national emergency created by COVID-19, the Chief Judge of this Court has entered Standing Orders 20-02, 20-03, 20-09, 20-12, extensions of Standing Order 20-12, Standing Order 21-04, and extensions of Standing Order 21-04, which are incorporated herein by reference;

(3) The defendant has consented to the aforementioned continuance;

(4) The grant of a continuance will likely conserve judicial resources;

(5) Pursuant to Title 18, United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial; and

(6) Pursuant to the IADA, Article IV(c), good cause for this continuance request has been shown and this continuance request of the parties, including its length, is reasonable and necessary to allow the parties sufficient time to either resolve this case through plea negotiations or prepare for trial.

IT IS, therefore, on this 27th day of April, 2022,

ORDERED that this action be, and it hereby is, continued from the date this Order is signed through and including July 29, 2022; and it is further

IT IS FURTHER ORDERED that the period from the date this Order is signed through and including July 29, 2022 shall be excludable in computing time under the Speedy Trial Act of 1974.

IT IS FURTHER ORDERED that the period from the date of this Order through and including July 29, 2022 shall be excludable in computing the 120 days within which the defendant is entitled to proceed to trial under the IADA.

                                                       HON. FREDA L. WOLFSON
                                                       Chief Judge

Form and entry consented to:

s/ Ian D. Brater
_____
Ian D. Brater
Assistant U.S. Attorney

_____                _____
John Holliday, Esq.                                        Randolph McLeod
Counsel for Defendant                                    Defendant

IT IS FURTHER ORDERED that the period from the date this Order is signed through and including July 29, 2022 shall be excludable in computing time under the Speedy Trial Act of 1974.

IT IS FURTHER ORDERED that the period from the date of this Order through and including July 29, 2022 shall be excludable in computing the 120 days within which the defendant is entitled to proceed to trial under the IADA.

_____
HON. FREDA L. WOLFSON
Chief Judge

Form and entry consented to:

s/ Ian D. Brater
_____
Ian D. Brater
Assistant U.S. Attorney

_____
John Holliday, Esq.
Counsel for Defendant

_____
Randolph McLeod
Defendant